# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2816

_____

John Doe, individually on behalf of all others similarly situated;
Jane Doe, individually on behalf of all others similarly situated

*Plaintiffs – Appellees*

v.

Mosaic Health System, a/k/a Mosaic Life Care;
Heartland Regional Medical Center

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: April 10, 2024
Filed: May 17, 2024
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Mosaic Health System and Heartland Regional Medical Center (collectively, Mosaic) appeal the district court's[1] order of remand back to state court after holding Mosaic was not entitled to federal officer removal under 28 U.S.C. § 1442(a)(1). We affirm.

## I. Background

Plaintiffs, a proposed class of Missouri citizens, sued Missouri-based Mosaic in Missouri state court. Plaintiffs allege Mosaic embedded third-party software on its websites, which tracked patient personal health information and delivered it to third parties. Plaintiffs asserted nine Missouri-state-law claims against Mosaic based on its alleged embedding of these "automatic rerouting mechanisms."

Mosaic removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a). Mosaic claimed removal was warranted because Plaintiffs' allegations are based on it acting under the directives of the National Coordinator for Health Information (the National Coordinator). The Health Information Technology for Economic and Clinic Health (HITECH) Act authorized the National Coordinator to give federal funds to healthcare providers as an incentive for those providers to promote patient access to electronic health information. *See Doe v. BJC Health Sys.*, 89 F.4th 1037, 1040 (8th Cir. 2023); 42 U.S.C. §§ 300jj-11(a)–(b) (National Coordinator's authority), 1395w-4(o) (authorizing incentive payments), and 1395ww(n) (same). Mosaic participated in the incentive program, developing its websites in exchange for federal payments. Plaintiffs allege Mosaic's websites "are designed for interactive communication with patients, including scheduling appointments, searching for physicians, paying bills, requesting medical records, learning about medical issues and treatment options, and joining support groups."

---

[1]The Honorable Jill A. Morris, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Plaintiffs moved to remand the case to state court, which the district court granted after determining Mosaic failed to satisfy the jurisdictional requirements for removal. Mosaic appeals that determination.

## II. Analysis

We review de novo the district court's motion to remand. *BJC Health Sys.*, 89 F.4th at 1041. The federal officer removal statute "provides the federal government, federal agencies, federal officers, and *persons 'acting under' federal officers* the right to remove from state court to federal court certain civil actions and criminal prosecutions brought against them." *Id.* (emphasis added). We liberally construe this statute and do not apply the typical presumption against removal when it is invoked. *See id.* Because Mosaic is not a federal officer or agency, it must make a threshold showing "that (1) it is a 'person' under the statute, (2) it 'acted under the direction of a federal officer,' (3) a 'causal connection' exists between its complained-of conduct and official federal authority, and (4) it has a 'colorable federal defense' to the claim or claims against it." *Id.* (quoting *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 738 (8th Cir. 2021)).[2]

Mosaic claims it met the statutory requirements for removal, but our holding in *Doe v. BJC Health System* says otherwise. That case—which was decided while this one was pending appeal—involved Missouri class-action plaintiffs suing BJC Health System (BJC). The *BJC Health System* plaintiffs alleged that when they visited BJC's online patient portal—which gave BJC patients online access to electronic health records and to "communicate with BJC personnel"—it shared their protected health information "with third-party services, . . . which used the information for targeted online advertising." *Id.* at 1040–41. BJC sought removal under the federal officer removal statute, claiming (as does Mosaic) it acted under the directives of the National Coordinator and the HITECH Act because BJC

---

[2]Mosaic is indisputably a "person" under the federal officer removal statute, satisfying the first element. *See BJC Health Sys.*, 89 F.4th at 1041.

received federal incentive payments for creating its patient portal. *See id.* at 1040. We affirmed the remand of the case, holding removal was not warranted because BJC was not acting under the direction of a federal officer. As we explained, "BJC was not a government contractor, and it did not function in practice as a federal instrumentality. It made a private website and received a federal subsidy." *Id.* at 1047. This was "insufficient" for removal under 28 U.S.C. § 1442(a)(1). *Id.*

Mosaic argues this case is distinguishable because BJC embedded the tracking software on its online patient portals, *see id.* at 1040, while Mosaic embedded the tracking software on its "public-facing healthcare websites." This distinction does not warrant a different result. To invoke the federal officer removal statute, Mosaic had to show it "provided the government with a product that it needed or performed a job that the government would otherwise have to perform." *Buljic*, 22 F.4th at 739. *Accord BJC Health Sys.*, 89 F.4th at 1045. "The design of private websites is not—and has never been—a basic *governmental* task." *Id.* Likewise, we conclude Mosaic's websites were not federal government websites: they were not "operated on the federal government's behalf or for the federal government's benefit," and they were not websites "the federal government directed [Mosaic] to create or operate." *See id.* Thus, Mosaic did not show it "acted under" a federal officer by creating its websites and accepting federal incentives. Because Mosaic fails to satisfy this element for federal officer removal, "we need not address the causal connection and colorable federal defense elements." *Id.* at 1047.

### III. Conclusion

Accordingly, we affirm the district court's order remanding this case to Missouri state court.

_____